## FRANK READE V. STATE.

No. 24907. January 10, 1951.
Rehearing Denied March 14, 1951.

*Fryer & Milstead,* El Paso, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

About 11:30 o'clock at night, Sortore and Wright, police patrolmen of the city of El Paso, while cruising in a radio controlled police car, noticed five Mexican boys in front of a grocery store. Two of the boys were playing guitars; the other three were singing. After circling the block, the police drove back to the store to investigate. In the meantime, the guitar players had left and at the arrival of the officers there were present only Salvador Aldana, Frank Reade (appellant), and George Gomez. The policemen got out of their car and asked the boys where they lived. Gomez told them he lived just across the street, and then left to go home. The policemen asked appellant (Reade) where he lived and, according to the testimony of the patrolmen, he gave an indefinite answer in what they termed a "snotty way."

The officers decided to arrest appellant and to take him to the "station and let the captain talk to him." Whereupon, Policeman Sortore took hold of appellant to put him in the car and appellant jerked away from him. Seeing that appellant was resisting arrest and for the purpose of helping Sortore, Officer Wright went to his assistance. From its holster, Aldana then grabbed Wright's pistol from his person and fired one shot into Wright's body, knocking him down. Seeing this, Sortore drew his pistol and, as he did so, Aldana shot him four times, one shot striking the hand in which he was holding his pistol and rendering him unable to fire it. The two boys fled from the scene.

Appellant was shortly thereafter arrested at his home upon a charge of shooting the officer and then was taken to the police station. Returning with the officers to his home, appellant produced from its hiding place in a sand pile in his yard Wright's pistol, with which Aldana had done the shooting. The officer having appellant in custody testified, without objection, that at that time appellant said "that Salvador Aldana had given him the gun and that he had taken it and hidden it at the place where he dug it up."

It is upon this testimony the appellant stands here convicted of the misdemeanor offense of receiving and concealing the pistol which Aldana had stolen. The punishment was assessed at confinement in jail for a term of six months.

Appellant, testifying in his own behalf, stated that he took the weapon from Aldana to prevent Aldana from shooting at Sortore again. His explanation as to why he hid the pistol was that he was frightened and did not know what else to do with it.

The elements of the offense charged are: (1) that the property must have been acquired by another person in such manner that the acquisition comes within the meaning of the term, "theft"; (2) that the accused must have received or concealed the property, knowing at the time of receipt or concealment that it was stolen, and with criminal intent to . . . . . . . profit from the act. 36 Tex. Jur., p. 339.

This court finds these elements to have been met by the evidence. The jury resolved the issues of fact against appellant.

No reversible error appearing of record, the judgment is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.
In his motion for rehearing complaint is made that in disposing of the case we did not pass upon his Bill of Exception No. 1. We have reviewed the record and remain of the opinion that the bill presents nothing for serious consideration.

The bill was taken to the argument of the prosecution and according to the qualification made by the court the argument complained of was provoked by argument of the defendant's counsel who said that his client was doing no harm, that he was violating no law, but was merely singing and playing guitars with a group of companions. To this, the prosecuting attorney said: "We have this Defendant here, a peaceable and law-abiding citizen of this community * * *." The manner of his saying it is immaterial. The trial judge said it was provoked by the argument for the defense and the record bears that out.

We think the original opinion correctly disposed of all questions in the case. Appellant's motion for rehearing is overruled.